# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WEEPING HOLLOW AVENUE TRUST, <br><br> Plaintiff, <br><br><br> ASHLEY B. SPENCER, *et al.*, <br><br> Defendants. | Case No. 2:13-CV-00544-JCM-VCF <br><br><br> **ORDER** |

Presently before the court is defendant Wells Fargo Bank's ("defendant") motion to expunge lis pendens. (Doc. # 6). Plaintiff Weeping Hollow Avenue Trust ("plaintiff") filed a response in opposition (Doc. # 13), and defendant filed a reply (Doc. # 17).

Also before the court is defendant's motion to dismiss with prejudice. (Doc. # 9). Plaintiff filed a response in opposition (Doc. # 15), and defendant filed a reply (Doc. # 19).

Also before the court is plaintiff's motion for summary judgment. (Doc. # 14). Plaintiff filed the summary judgment against defendant First American Title Insurance Company. No response has been filed even though the response date has elapsed.

Also before the court is plaintiff's motion to remand to state court. (Doc. # 16). Defendant filed a response in opposition. (Doc. # 20).

Also before the court is plaintiff's emergency motion for temporary restraining order. (Doc. # 21).

Also before the court is plaintiff's emergency motion for preliminary injunction. (Doc. # 22).

Also before the court is defendant's motion for hearing. (Doc. # 24).

I.      **Background**

There are seven pending motions in this action. The oldest motion, the motion to expunge lis pendens, became ripe on April 29, 2013. Some motions, such as the emergency motion for preliminary injunction, are not currently ripe. The court finds that these motions turn on the same issue and facts. No further briefing is necessary as the current motions overlap and repeat the same arguments. The court will dispose of all motions in this order.

   *A.     Factual Background*

On November 24, 2008, Ashley Spencer ("Spencer") purchased real property located at 9234 Weeping Hollow Avenue in Las Vegas.[1] The grant, bargain, and sale deed was recorded in Clark County, Nevada. On or about December 8, 2008, Spencer executed a deed of trust and note for $166,961. Defendant Wells Fargo loaned plaintiff the money to purchase the property.
 Sometime thereafter, Spencer failed to make two payment obligations: (1) Spencer failed to make her homeowner association fees ("HOA fees"); and, (2) Spencer defaulted under the note and deed of trust.

On March 3, 2010, a notice of delinquent assessment lien was properly recorded in Clark County for failing to pay the HOA fees. On June 28, 2010, a notice of default and election to sell under the homeowners association lien was properly recorded in Clark County. On February 24, 2011, a notice of foreclosure sale for being in default under a delinquent assessment lien was properly recorded in Clark County. On May 4, 2012, a second notice of foreclosure sale for being in default under a delinquent assessment lien was properly recorded in Clark County. On or about October 5, 2012, plaintiff purchased the property at the properly

---

[1] The court must lean heavily on the documents provided by defendant to understand the factual background. Plaintiff's complaint provides very few specific facts. The court judicially recognizes all of the following documents: the deed of trust, the note, notice of lien, notice of default, notice of sale, assignments, second notice of sale, substitutions, foreclosure deed, notice of default, state court orders. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

noticed foreclosure sale in accordance with NRS 116.3116 for approximately $3,004. (Doc. # 1, compl. at ¶ 7).

The above referenced paragraph of facts pertains to the HOA fees. This paragraph of facts pertain to the deed of trust. On September 28, 2011, a corporate assignment of the deed of trust was properly recorded in Clark County, whereby MERS as nominee for PrimeLending transferred and assigned all beneficial interest in the note and deed of trust to Wells Fargo. On September 10, 2012, a substitution of trustee was properly recorded in Clark County, whereby Wells Fargo substituted National Default Servicing Corporation as trustee under the deed of trust. On December 12, 2012, a notice of default and election to sell under the deed of trust was properly recorded in Clark County based on Spencer's default on the December 2008 note. Defendant Wells Fargo has scheduled a trustee sale on May 28, 2013.

  B. *Procedural History*

Plaintiff filed the instant action in state court on February 8, 2013. The complaint seeks to quiet title and declaratory relief against defendants Wells Fargo, Spencer, and First American Title Insurance Company. Defendant Wells Fargo removed the action to federal court on March 29, 2013.

In the short history of the case, the parties have filed the following motions: expunge lis pendens; motion to dismiss; motion for summary judgment; motion to remand; motion for preliminary injunction; emergency motion for a temporary restraining order; and a motion for a hearing. This motion will resolve all the following motions and dispose of the case.

**II. Remand**

  A. *Legal Standard*

A complaint filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action had it been brought in federal court in the first place. 28 U.S.C. § 1441(a). This court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a), over suits between citizens of different states for which the amount in controversy exceeds $75,000.

"The removal statute is strictly construed against removal jurisdiction." *Provincial*

1  *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The defendant bearsthe burden of establishing that removal is proper." *Id.*

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Further, the defendant is entitled to present the facts showing the joinder to be fraudulent." *Id.* (internal citation omitted).

B.   Discussion

Plaintiff seeks to remand to state court by arguing this court does not have diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff argues that it is a citizen of Nevada and that defendant Spencer is a citizen of Nevada. Plaintiff argues that Spencer is a proper defendant because plaintiff is attempting to quiet title to the property and Spencer is the former property owner. Plaintiff also alleges that no defendant has not shown the amount in controversy exceeds $75,000.

As an initial matter, defendant Wells Fargo has submitted properly authenticated documents that demonstrate the outstanding balance on the loan is $161,625.48. Additionally, the assessor's office values the property $132,711. The amount in controversy easily exceeds the minimum requirement for diversity jurisdiction.

The court now turns to whether Spencer is a fraudulently joined defendant. She is. Plaintiff is attempting to quiet title and establish that its interest in the subject property is superior to that of Spencer. In plaintiff's motion for remand, it rightly asserts that Spencer is the former owner of the property–*former*, being the operative word.

Plaintiff foreclosed on the property pursuant to NRS 116.3116 because of Spencer's delinquency in paying the HOA fees and/or dues. Plaintiff's complaint affirmatively states that it properly complied with all the requirements of NRS 116 and that the foreclosure was lawful

4

and proper. The complaint also fails to allege that Spencer is, or has even threatened to, assert any interest or rights in the property. Plaintiff's proper foreclosure pursuant to NRS 116 extinguished Spencer's rights or interest in the property. NRS 116.31166 states "[t]he sale of a unit pursuant [to this statutory scheme] vests in the purchaser the title of the unit's owner without equity or right of redemption." Finally, Spencer's statutory period of time, which could be 90 or 120 days depending on the circumstances, has expired. Spencer is a fraudulently joined defendant and is dismissed from the action. This court has original, diversity jurisdiction and denies the motion to remand.

### III. Injunctive Relief

Plaintiff has filed two motions seeking injunctive relief.[2] The motion for a temporary restraining order moves the court to enjoin the trustee sale scheduled by Wells Fargo for May 28, 2013. The motion for preliminary injunction moves the court to enjoin Wells Fargo from conducting a trustee sale pending resolution of this lawsuit on the merits.

 A. Legal Standard

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65. The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. Its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

A preliminary injunction is an extraordinary remedy never awarded as a right." *Winter*

---

[2] Plaintiff's emergency motion for a preliminary injunction and emergency motion for a temporary restraining order are actually identical documents.

5

*v. N.R.D.C.*, 555 U.S. 7, 24 (2008).  The Supreme Court has stated that a plaintiff must establish that he can establish each of the following to secure an injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest.  *Winter*, 555 U.S. at 20-24 (2008).  Plaintiff must "make a showing on all four prongs."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

  *B.* *Discussion*

  The court finds that plaintiff does not have a likelihood of success on the merits.  *See* section IV.B *infra*.  Plaintiff's argument is based on its foreclosure on the property pursuant to NRS 116.3116 because of Spencer's delinquency in paying HOA fees and/or dues.  Plaintiff argues that its foreclosure extinguished the bank's first position deed of trust.  As discussed more thoroughly in section IV.B, the plain language of the NRS 116.3116, the legislative history and intent of the statute, and a mountain of Nevada state and federal cases all hold to the contrary.  Plaintiff does not have a likelihood of success on the merits.  The motion for a preliminary injunction and the motion for a temporary restraining order are both denied.

**IV.** **Motion to Dismiss**

  Defendant Wells Fargo has filed a motion to dismiss plaintiff's complaint.

  *A.* *Legal Standard*

  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

6

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

B.   Discussion

Plaintiff's argues that it properly foreclosed on the property pursuant to NRS 116.3116 because Spencer became delinquent and defaulted on her HOA fee obligations. Plaintiff argues that its foreclosure extinguished the interest of the bank's first position deed of trust. Plaintiff's complaint seeks to quiet title and declaratory relief. Defendant argues that an HOA foreclosure pursuant to NRS 116 does not extinguish a first position deed of trust. The court agrees with defendant.

///

NRS 116.3116(2) states:

A lien under this section is prior to all other liens and encumbrances on a unit except:

. . .

(b) a first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent, or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent . . . .

The clear language of this statute states that an HOA's lien is prior to all other liens and encumbrances secured by the property, except a first security interest on the property recorded before the date on which the assessment became delinquent. In this case, Wells Fargo properly recorded its deed of trust on December 8, 2008. The plaintiff HOA recorded its notice of delinquent assessment lien on March 3, 2010. The bank's first position deed of trust was recorded almost fifteen months prior to plaintiff HOA's lien.

Additionally, plaintiff is required to (1) produce a copy of the assessment lien upon which the foreclosure was based and (2) allege that the assessment lien chronologically precedes the deed of trust. *Centana v. Mortg. Elec. Registration Sys.*, no. 2:11-cv-02105-GMN-RJJ, 2012 WL 3730528, at *3 (D. Nev. Aug. 28, 2012). In this case, the complaint does not allege that the assessment lien chronologically predates the deed of trust. The complaint could not allege such a fact in good faith because the deed of trust was recorded almost fifteen months prior to the assessment lien.

Also, relevant is NRS 116.3116(2)(c), which carves out a limited exception to NRS 116.3116(2)(b). Read in its entirety, NRS 116.3116(2)(c) states that an HOA's unpaid charges and assessments incurred during the nine months prior to the foreclosure of a first position mortgage continue to encumber the property after the foreclosure of the first position deed of trust. This nine month period of unpaid charges is known as a "super priority lien." However, the super priority lien does not extinguish the first position deed of trust.

NRS 116.3116(2)(c) states:

Liens for real estate taxes and other governmental assessments or charges against the

unit or cooperative.  The lien is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien.  If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien.  This subsection does not affect the priority of mechanics' or materialmen's lines, or the priority of liens for other assessments made by the association.

This subsection has already been interpreted by a court in this district.  "NRS 116.3116(2)(c) creates a limited super priority lien for 9 months of HOA assessments leading up to the foreclosure of the first mortgage, but it does not eliminate a the first security interest." *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, no. 2:12-cv-00949-KJD-RJJ, 2013 WL 531092, at *3 (D. Nev. Feb. 11, 2013).  "[T]he HOA may initiate a nonjudicial foreclosure to recover delinquent assessments and the purchaser at the sale takes the property subject to the security interest." *Id.*; *see also First 100, LLC v. Wells Fargo Bank, N.A. et al*, 2:13-cv-00431-JCM-PAL.

The plain language of NRS 116.3116(2)(c) provides an HOA with two options: (1) the HOA may initiate a non-judicial foreclosure to recover the delinquent assessments and the purchaser at the sale takes the property subject to the security interest; or, (2) initiate a judicial action to pursue the assessments.  In this case, plaintiff HOA properly pursued option one, but

the proper of execution of option did not extinguish the security interest in the first position deed of trust.  Accordingly, plaintiff's claims for quiet title and declaratory relief fail as a matter of law.

Additionally, defendant Wells Fargo has cited no fewer than seven Nevada state court cases confirming this interpretation of the NRS 116 statutory scheme and the super priority lien. Plaintiff has cited no cases in support of its position and states only that the Nevada Supreme Court has not decided the issue.  The court is unpersuaded the Nevada Supreme Court would reach a different interpretation if it decide the issue.

**V.     Summary Judgment**

Plaintiff has also moved for summary judgment against defendant First American Title Insurance Company ("FATIC").  Plaintiff asserts that defendant FATIC appeared in a title search of the subject property.

FATIC has not responded to plaintiff's motion even though the response deadline has elapsed.  However, plaintiff has attached as an exhibit to its summary judgment motion a motion purporting to be filed by defendant FATIC in state court before removal to this court. The FATIC motion filed in state court seeks Rule 11 sanctions against plaintiff for frivolously and unnecessarily naming FATIC as a defendant in this case.  In the motion, FATIC claims "no right, title or interest in the Property which is the subject matter of this litigation."  Defendant FATIC also correctly points out that plaintiff's complaint does not assert that FATIC is, or intends to, assert any interest in the subject property.  Finally, defendant FATIC's motion points out that it has a judgment against a person with an alias of Ashley E. Spencer.  However, the prior owner of the property in this litigation was Ashley B. Spencer.  There is no evidence this is the same person.

To the extent plaintiff is attempting to establish it has a superior right to the subject property than defendant FATIC, then the motion is granted.  However, this superior right against defendant FATIC, who appears to have been unnecessarily named in this lawsuit, has no bearing whatsoever on the superiority of interests between the plaintiff HOA and defendant Wells Fargo.

**VI.  Lis Pendens**

Plaintiffs have failed to state a cause of action.  Therefore, the lis pendens recorded by plaintiffs must be expunged pursuant to NRS 14.015(2) and (3).

**VII.  Motion for Hearing**

The court finds that the legal issues in the present action would not have been aided by oral argument.  The motion is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that defendant's motion to expunge lis pendens (doc. # 6) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (doc. # 9) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (doc. # 14) be, and the same hereby, is GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's motion to remand to state court (doc. # 16) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff's emergency motion for a temporary restraining order (doc. # 21) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff's emergency motion for a preliminary injunction (doc. # 22) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that defendant's motion for a hearing (doc. # 24) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that the complaint be dismissed.  The clerk of the court shall enter judgment and close the case.

DATED this 24th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE