# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WEEPING HOLLOW AVENUE TRUST,

       Plaintiff(s),

v.

ASHLEY B. SPENCER, et al.,

       Defendant(s).

2:13-CV-544 JCM (VCF)

### ORDER

Presently before the court is plaintiff Weeping Hollow Avenue Trust's emergency motion to stay pending appeal. (Doc. # 32).

**I.    Background**

The court has already laid out the factual background in this lawsuit in detail in a prior order, and it will omit a long recantation of the facts. On May 24, 2013, this court denied injunctive relief sought by plaintiff and granted the defendants' motion to dismiss. Plaintiff filed this quiet title suit and sought to enjoin a trustee sale of real property.

Plaintiff is a homeowner association ("HOA"). Defendants are the bank with the first position deed of trust, the initial purchaser of the real property that took out the loan from the bank, and the title company that conducted a title search.

The plaintiff foreclosed on the subject property subject to NRS chapter 116. Plaintiff maintains that when an HOA properly forecloses on real property pursuant to NRS chapter 116 that

**James C. Mahan**
**U.S. District Judge**

1   it extinguishes a first position deed of trust that encumbers the property. This court rejected those
2   arguments for the reasons articulated in the prior order. (*See* doc. # 26).
3   Plaintiff now seeks a stay by this court pending the outcome on appeal. Plaintiff moves the
4   court to stay its prior order that declined to enjoin the trustee sale, among other things.

**II.    Legal Standard**

The court may grant a stay of proceedings pending an appeal. *See* Fed. R. Civ. P. 62©. A court considers four factors: "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

**III.   Discussion**

Plaintiff takes exception with two points in the court's prior order. First, plaintiff argues that courts have split on the issue of whether an HOA's foreclosure pursuant to NRS chapter 116 extinguishes a first position deed of trust. Second, plaintiff argues that this court incorrectly dismissed Ashley Spencer as a fraudulent defendant. The court will address each in turn.

*A.    Fraudulent Defendant*

Ashley Spencer purchased the property after taking a mortgage loan from a bank. She failed to timely pay her HOA fees and/or dues, and she failed to timely pay her mortgage payments. Plaintiff named Ashley Spencer as a defendant in its quiet title action. This court held that Spencer was a fraudulent defendant and reasoned:

> The court now turns to whether Spencer is a fraudulently joined defendant. She is. Plaintiff is attempting to quiet title and establish that its interest in the subject property is superior to that of Spencer. In plaintiff's motion for remand, it rightly asserts that Spencer is the former owner of the property–*former*, being the operative word.
>
> Plaintiff foreclosed on the property pursuant to NRS 116.3116 because of Spencer's delinquency in paying the HOA fees and/or dues. Plaintiff's complaint affirmatively states that it properly complied with all the requirements of NRS 116 and that the foreclosure was lawful and proper. The complaint also fails to allege that Spencer is asserting, or has even threatened to assert, any interest or rights in the property. Plaintiff's proper foreclosure pursuant to NRS 116 extinguished Spencer's rights or interest in the property. NRS

**James C. Mahan**
**U.S. District Judge**

- 2 -

116.31166 states "[t]he sale of a unit pursuant [to this statutory scheme] vests in the purchaser the title of the unit's owner without equity or right of redemption." Finally, Spencer's statutory period of time [to challenge the foreclosure], which could be 90 or 120 days depending on the circumstances, has expired. Spencer is a fraudulently joined defendant and is dismissed from the action. This court has original, diversity jurisdiction and denies the motion to remand.

(Doc. # 26); *Weeping Hollow Ave. Trust v. Spencer*, no. 2:13-cv-544-JCM-VCF, 2013 WL 2296313, at *2-3 (D. Nev. May 24, 2013).

In plaintiff's motion to stay, it does not address this reasoning whatsoever. Plaintiff makes no arguments why this reasoning could be incorrect. Instead, plaintiff cites another case in this district where a court held that the former owner is an "important" party. *See Daisy Trust v. Wells Fargo Bank, N.A.*, case number 2:13-cv-00777-GMN-VCF, order dated May 7, 2013.

However, plaintiff makes no attempt to argue how the *sua sponte* remand order from *Daisy Trust*, based on the facts of that case, would be persuasive based on the facts of this case. Plaintiff makes no arguments; plaintiff's motion simply refers to the other order. The court is unconvinced the situations are similar, and plaintiff has otherwise failed to counter this court's reasoning in its prior order with any specific arguments. The request to grant a stay because this court improperly dismissed Spencer as a fraudulent defendant is denied.

    B.    *Extinguishing a Prior Deed of Trust*

In the motion, plaintiff renews its argument that an HOA foreclosure extinguishes the entire first position deed of trust. Plaintiff also cites to a recent opinion from a state court judge where the state court held an HOA quiet title action pursuant to NRS chapter 116 could survive the bank's motion to dismiss. *See First 100, LLC v. Burns, et al.*, case number A-13-677693-C (March 4, 2013).

The court is unpersuaded. The clear language of the statute, as this court held in the prior order in this case, creates a super priority lien for up to nine months of delinquent HOA assessments. Those nine months of delinquent assessments are granted a super priority position over the first position deed of trust (this is true even when the first position deed of trust was properly recorded and perfected far prior to the HOA recording a notice of delinquent assessments).

James C. Mahan
U.S. District Judge

- 3 -

The statute allows the HOA to recover nine months of delinquent fees, even when the mortgagee forecloses on its first position deed of trust. Often the purchaser of the real property will default on both the mortgage and the HOA fees and/or dues. The statute simply protects the HOA from losing out on delinquent assessments for up to nine months in the event the mortgagee with a first security interest forecloses or holds a trustee sale.

However, NRS 116.3116(b) and © do not create a mechanism by which the HOA may foreclose on its statutorily created super priority lien and in so doing extinguish the first position deed of trust. The plaintiff HOA in this case foreclosed pursuant to NRS chapter 116 to collect on its super priority portion of the lien, but it did not extinguish the first position deed of trust. *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, 2:13-cv-00164, 2013 WL 2460452 (D. Nev. June 6, 2013). Plaintiff purchased the property at the HOA foreclosure subject to the first position deed of trust. Plaintiff has not made a strong showing that it is likely to succeed on the merits and the court declines to stay the upcoming trustee sale.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that plaintiff's emergency motion to stay (doc. # 32) be, and the same hereby, is DENIED.

DATED June 26, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -